R. J. MEYLER *v.* WESTLY PHELPS.

**Principal and Surety—Equity of Surety.**

> A surety on a note who has paid it has an equity in the land in which the proceeds of the note were invested, to secure his reimbursement.

APPEAL FROM BULLITT CIRCUIT COURT.

October 25, 1873.

OPINION BY JUDGE PRYOR:

The witness upon whom appellee relies to show notice to the appellant of his equitable right to a part of the proceeds of the note in controversy, must have left the chancellor in doubt as to his right to enforce a lien by reason of a contract that the appellee himself seems never to have complied with, and upon the performance of which his right to this equity depends. Although the notes taken by Collins upon a settlement of the claims against his father, refer to the judgment or action upon which the settlement was based (this proceeding showing the assignment to the appellee), still the execution of these notes by the heirs of Collins, directly to James Collins, and his holding them for nearly one year, connected with the effort on the part of the appellee to purchase them, would at least, so far as third persons are concerned, indicate a consent on the part of the appellee to the action of appellant in the premises. As between Collins and the appellee, we are disposed, however, to adjudge that the latter's equity still exists, as there is no proof whatever showing that the appellee has been repaid, by any of the parties, the money advanced or paid by him to Miller as the surety of Gulp & Collins. It is alleged in the petition that the proceeds of these very notes were invested in the house and lot conveyed to the wife of Collins, and if so, even if there had been no evidence

whatever relieving the appellant from liability as purchaser with notice, the property in which it was invested being subject to its payment, the chancellor should have first subjected it to the demand before requiring payment from Meyler, and particularly when the appellee, by this proceeding, is seeking to subject it. There is some question as to the proof on this subject, however, and the court below must be satisfied that this property was bought with these notes, or the proceeds thereof, before Collins and wife can be deprived of their ownership, unless the purchase and conveyance was made in fraud of creditors. Upon this question the parties should be allowed to take proof. The appellee's equity must be enforced against Collins, and not the appellant. The judgment of the court below is therefore reversed and cause remanded for further proceedings consistent with this opinion.

*A. H. Field, R. J. Meyler, for appellant.*

*R. H. Field, Thompson, for appellee.*